PENGLASE & BENSON, INC.
John S. Benson, Esquire
PA. I.D. No. 83550
110 North Main Street
Doylestown, PA 18901
(215) 348-4416
jbenson@penglaseandbenson.com

*Attorney for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC., | : | |
| PLAINTIFF | : CIVIL ACTION NO. 2:13-cv-02768-PD | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| KAREN BECK | : | |
| DEFENDANT | : | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant, Karen Beck, by and through her counsel, Penglase & Benson, Inc., hereby answers Plaintiff's Complaint as follows:

1.      Denied.  Plaintiff's allegation calls for a legal conclusion to which no response is required.

2.      Denied.  Plaintiff's allegation calls for a legal conclusion to which no response is required.  By way of further answer, Defendant denies she committed even a single act of copyright infringement.

3.      Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation.  Although Plaintiff alleges that it is the registered owner of the copyrights set forth on Exhibit B, Plaintiff fails to attach Certificates of Copyright Registration to Complaint.  To the extent Plaintiff alleges Defendant is associated with any and all information

set forth in Plaintiff's Exhibit B, Defendant denies these allegations and demands strict proof thereof.

4.      Denied.  Plaintiff's allegation calls for a legal conclusion to which no response is required.

5.      Denied.  Plaintiff's allegation calls for a legal conclusion to which no response is required.

6.      Denied.  Plaintiff's allegation calls for a legal conclusion to which no response is required.

7.      Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation.

8.      Admitted.

9.      Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation.

10.      Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation.

11.      Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation.

12.      Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation.

13.      Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation.

14.      Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation.

15.     Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation.

16.     Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation and demands strict proof thereof.  To the extent Plaintiff alleges Defendant is associated with any and all information set forth in Plaintiff's Exhibit A, Defendant denies these allegations and demands strict proof thereof.

17.     Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation. To the extent Plaintiff alleges Defendant is associated with any and all information set forth in Plaintiff's Exhibit A, Defendant denies these allegations and demands strict proof thereof.

18.     Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation. To the extent Plaintiff alleges Defendant is associated with any and all information set forth in Plaintiff's Exhibit A and B, Defendant denies these allegations and demands strict proof thereof.

19.     Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation. To the extent Plaintiff alleges Defendant is associated with any and all information set forth in Plaintiff's Exhibit A, Defendant denies these allegations and demands strict proof thereof.

20.     Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation. To the extent Plaintiff alleges Defendant is associated with any and all information set forth in Plaintiff's Exhibit A, Defendant denies these allegations and demands strict proof thereof.

21.     Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation. To the extent Plaintiff alleges Defendant is associated with any and all information set forth in Plaintiff's Exhibit B, Defendant denies these allegations and demands strict proof thereof.

22.     Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation. To the extent Plaintiff alleges Defendant is associated with any and all information set forth in Plaintiff's Exhibit B and C, Defendant denies these allegations and demands strict proof thereof.

23.     Denied.  Defendant denies the allegations set forth in paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24.     Denied.  Defendant denies the allegations set forth in paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

25.     Denied.  Plaintiff's allegation calls for a legal conclusion to which no response is required.

26.     Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation.

27.     No response required.

28.     Denied.  Defendant lacks sufficient information or knowledge regarding the truth or veracity of the allegation. To the extent Plaintiff alleges Defendant is associated with any and all information set forth in Plaintiff's Exhibit B, Defendant denies these allegations and demands strict proof thereof.

29.     Denied. Defendant denies the allegations set forth in paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.

30.     Denied.  Plaintiff's allegation calls for a legal conclusion to which no response is required.

31.     Denied.  Plaintiff's allegation calls for a legal conclusion to which no response is required.

32.     Denied.  Plaintiff's allegation calls for a legal conclusion to which no response is required.

WHEREFORE, Defendant respectfully requests this Honorable Court to enter Judgment in her favor and against the Plaintiff.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, Defendant, Karen Beck, asserts and states the following:

33.     Defendant hereby incorporates the preceding paragraphs as though the same were fully set forth at length herein.

34.     Defendant pleads the defense of lack of copyrightable subject matter.

35.     Defendant pleads the defense of lack of originality.

36.     Defendant pleads the defense of noncompliance with statutory provisions.

37.     Defendant pleads the defense of no notice of copyright.

38.     Defendant pleads the defense of misleading designation in copyright notice; incorrect identification of copyright owner.

39.     Defendant pleads the defense of failure of condition precedent to suit; lack of deposit after publication.

40.     Defendant pleads the defense of abandonment of copyright.

41.     Defendant pleads the defense of fair use.

42.     Defendant pleads the defense of unclean hands.

43.     Defendant pleads the defense of statute of limitations.

44.     Defendant pleads the defense of laches.

45.     Defendant pleads the defense of license.

46.     Defendant pleads the defense of estoppel.

47.     Defendant pleads the defense of misuse of copyright.

48.     Defendant pleads the defense of independent creation; use of common source.

49.     Plaintiff's complaint fails to state a claim upon which relief can be granted.

50.     Defendant pleads the defense of failure to join an indispensable party, in that Defendant did not engage in any of the downloading and/or infringement alleged by Plaintiff, Plaintiff failed to include the individual(s) who allegedly engaged in the downloading in question and who is/are indispensable parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure and for such failure, Plaintiff's Complaint should be dismissed with prejudice as to Defendant.

51.     Defendant pleads the defense that the statutory damages sought by Plaintiff are unconstitutionally excessive as applied.

WHEREFORE, Defendant, Karen Beck, respectfully requests this Honorable Court to dismiss Plaintiff's Complaint with prejudice and grant Defendant such just and equitable relief as the Court deems proper, including attorney's fees under § 505 of the United States Copyright Act of 1976.

## COUNTERCLAIMS

### Jurisdiction and Venue

1.     Defendant incorporates herein by reference, each and every allegation, answer, and denial contained in each of the above paragraphs.

2.     Defendant's cause of action arises under the Copyright Laws of the United States for a declaratory judgment of non-infringement pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to the extent that an actual controversy exists between Defendant and Plaintiff.

3.     Jurisdiction in this Court is proper under 28 U.S.C. § 1338 by virtue of this action being a question of Federal Law arising under the Copyright Laws of the United States, United States Code Title 17. 17 U.S.C. § 505 (2007).

4.     The Court has supplemental jurisdiction over any state law claims asserted in the counterclaims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(a).

<u>The Parties</u>

6.     Defendant Karen Beck is an adult individual and Pennsylvania resident with an address of 6777 Groveland Road, Pipersville, Bucks County, Pennsylvania 18947.

7.     On information and belief, Plaintiff Malibu Media, LLC. is a corporation duly organized and existing under the laws of the state of California with its principal place of business located at 409 W. Olympic Blvd., Suite 501, Los Angeles, CA, 90015.

<u>General Allegations</u>

8.     Defendant incorporates herein by this reference hereto each and every allegation contained in each of the above paragraphs.

9.     Defendant Karen Beck is an individual who resides in Bucks County, Pennsylvania.

10.     Defendant is an account holder with Verizon Internet Services for internet services.

11.     On information and belief, Plaintiff's only evidence to support their claims against Defendant is her status as an account holder of Verizon Internet Services.

12.     Plaintiff's alleged claims are neither well grounded in fact nor warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.

13.     Defendant denies that she had any knowledge of BitTorrent file distribution network.

14.     Defendant did not engage in any copyright infringement because she did not download any digital movie files.

15.     Plaintiff impugns Defendant's character and subjects her to demands which are closely akin to extortion.

16.     On information and belief, Plaintiff's only evidence to support its claims against Defendant is their listing of digital movie files attached to the claim as an Exhibit, allegedly from a peer-to-peer file sharing program.

17.     On information and belief, Plaintiff individually or collectively hired IPP Limited to provide private investigative services which led to the production of evidence to be used against Defendant, including the aforementioned listing of digital media files, IP addresses, and other evidence which Plaintiff intends to use at trial.

18.     On information and belief, the listing of digital media files from the peer-to-peer file sharing program was collected by IPP Limited by establishing a direct TCP/IP connection with Defendant's IP address and appeared on IPP Limited's computer, not Defendant's.

19.     On information and belief, IPP Limited engaged in private investigation services in the Commonwealth of Pennsylvania at the request of Plaintiff.

20.     In Pennsylvania, an individual or agency that provides private investigator services must be licensed by the Commonwealth of Pennsylvania, pursuant to The Private Detective Act of 1953, 22 Pa. C.S.A. *et seq*.

21.     On information and belief, IPP Limited is not licensed by the Commonwealth of Pennsylvania to engage in private investigative services, and therefore, IPP Limited, and Plaintiff, as facilitators and solicitors of criminal activity, are in violation of the laws of the Commonwealth of Pennsylvania and subject to criminal prosecution.

22.     On information and belief, Plaintiff, at the time it employed, contracted or otherwise engaged IPP Limited, were aware that IPP Limited was unlicensed to conduct private investigation services in the Commonwealth of Pennsylvania specifically, and in other states as well.

23.     On information and belief, Plaintiff understood that unlicensed and unlawful investigations would take place in the Commonwealth of Pennsylvania in order to provide evidence for this lawsuit, as well as thousands of other lawsuits as part of a mass litigation campaign, a representative sampling of which is further identified below.

24.     On information and belief, IPP Limited, the unlicensed private investigation company hired by Plaintiff, engaged in one or more overt acts of unlawful private investigation in the Commonwealth of Pennsylvania.

25.     On information and belief, the pattern of unlawful private investigations by IPP Limited, at the behest of Plaintiff, is representative of a pattern and practice by Plaintiff in a series of lawsuits filed across the United States, including this one.

26.     Defendant purchased internet access from Verizon Internet Services (hereinafter, "Defendant's ISP"). Defendant's ISP provided account holders with dynamic Internet Protocol

("IP") addresses using Dynamic Host Configuration Protocol (DHCP), a technology that assigns a new IP address to each ISP user each time a user accesses the internet by the ISP's service.

27.    DHCP assignment of an IP address by Defendant's ISP does not indicate who accessed the internet or which computer was used to obtain access. Use of malicious computer software that takes unauthorized control of an ISP user's computer to access the internet via the subscriber's ISP account ("bot-ware") and other, similar unauthorized computer software ("malware") are epidemic. Defendant has never had a BitTorrent account or software, never used the BitTorrent network and has not engaged in any acts of infringement described in the Complaint.

28.    Plaintiff has a pattern and practice of the action complained of by Defendant in her counterclaim.  A true and correct copy of Plaintiff's actions filed in the United States District Court for the Eastern District of Pennsylvania is attached as Exhibit "A".

29.    On information and belief, the purpose of this lawsuit filed against Defendant is not to seek appropriate relief from the Courts.  Rather, the lawsuit against Defendant (and those against many thousands of other individuals) is intended to spread public fear and intimidation by harassment, extortion and coercion.

COUNT 1 – DECLARATORY JUDGMENT FOR NON-INFRINGEMENT

30.    Defendant incorporates herein by this reference hereto each and every allegation contained in each of the above paragraphs of this answer, defenses, and counter claims as if fully set forth herein.

31.    Because Defendant did nothing improper regarding Plaintiff's copyrighted materials, Defendant is entitled to a declaratory judgment of non-infringement.

32.    Defendant did not commit any of the alleged acts of downloading or file-sharing.

33.     The relief requested cannot be obtained in this action filed by Plaintiff against Defendant.

WHEREFORE, Defendant is entitled to a declaratory judgment of non-infringement and to such further relief as may be appropriate, including an injunction, costs, and reasonable attorney's fees and sanctions against Plaintiff and Plaintiff's attorneys of record.

<u>COUNT 2 – COMPUTER FRAUD AND ABUSE 18 U.S.C. § 1030</u>

34.     Defendant incorporates herein by this reference hereto each and every allegation contained in each of the above paragraphs of this answer, defenses, and counter claims as if fully set forth herein.

35.     Defendant protected her computer with security methods reasonably designed to protect the contents set forth therein.

36.     As a precursor to litigation, Plaintiff, its agents, or its representatives have accessed a computer system without authorization and obtained information from that computer system in violation of Defendant's rights.

37.     In violation of 18 U.S.C. § 1030, Plaintiff, its agents, or its representatives have intentionally accessed Defendant's protected computer using interstate commerce without authorization, and as a result of such conduct, impaired the availability and caused damage to defendant in an amount exceeding $5,000.00.

38.     In violation of 18 U.S.C. § 1030, Plaintiff, its agents, or its representatives have knowingly and with intent to defraud accessed a protected computer without authorization, or exceeding any authorized access, and by means of that access obtained information of value.

39.     In violation of 18 U.S.C. § 1030, Plaintiff, its agents, or its representatives have knowingly, intentionally and without authorization, caused the transmission of a program,

information, code or a command, or exceeding any authorized access, and by means of that transmission cause damage in excess of $5,000.00.

40.     Defendant is entitled to recover damages from Plaintiff, along with injunctive relief for such loss that cannot be remedied by an action at law, and to prevent further unauthorized access.

## COUNT 3 – CIVIL CONSPIRACY

41.     Defendant incorporates herein by this reference hereto each and every allegation contained in each of the above paragraphs of this answer, defenses, and counter claims as if fully set forth herein.

42.     Plaintiff and IPP Limited agreed between themselves that IPP Limited would engage in the unlicensed and unlawful acts of private investigation in the Commonwealth of Pennsylvania, and other states, in order to provide evidence for this lawsuit.

43.     Plaintiff and IPP Limited agreed between themselves that IPP Limited would engage in the unauthorized access to a protected computer system, in interstate commerce for the purpose of obtaining information in violation of 18 U.S.C. § 1030 and 18 U.S.C. § 2701.

44.     The agreement between Plaintiff and IPP Limited is an agreement either to accomplish an unlawful purpose or an agreement to accomplish a lawful purpose by unlawful means, in which there was a meeting of the minds in the object or course of the action which constitutes civil conspiracy.

45.     As a result of the civil conspiracy between Plaintiff and IPP Limited, Defendant has suffered damages including emotional distress and monetary damages associated with the expense of resources and time necessary to defend this meritless lawsuit. As a result of the civil conspiracy between Plaintiff and IPP Limited, Defendant has suffered damages including Invasion of Privacy, *supra*.

46.     In violation of 18 U.S.C. § 1030, Plaintiff has intentionally access a protected computer without authorization, and as a result of such conduct, caused damages to Defendant in an amount exceeding $5,000.00.

47.     In violation of 18 U.S.C. § 1030, Plaintiff has knowingly and with the intent to defraud, accessed a protected computer without authorization, or exceeding authorized access, and by means of that access furthered the intended fraud and obtained information of value.

48.     Defendant seeks relief in the form of an order prohibiting Plaintiff from employing an unlicensed private investigator for the purpose of conducting discovery in the Commonwealth of Pennsylvania, now and in the future, and the exclusion of any evidence obtained thereby in this and any other trial, and all other relief this Court may deem equitable and proper including an award of damages.

49.     Defendant seeks a protective order and/or an order staying any further discovery into her private life and computer before the Court rules on the legality of these proceedings in lieu of the facts of Plaintiff's illegal investigation which puts into question the legality of the subsequent subpoenas and litigation, including Plaintiff's ex part "John Doe" litigation and Plaintiff's complaint, all of which rests upon these illegal investigations and illegal invasions of privacy.

50.     Defendant seeks all relief this Court may deem equitable and proper including an award of actual and punitive damages.

<u>COUNT 4 – INVASION OF PRIVACY</u>

51.     Defendant incorporates herein by this reference hereto each and every allegation contained in each of the above paragraphs of this answer, defenses, and counter claims as if fully set forth herein.

52.     According to Plaintiff's own Complaint, the Plaintiff invaded the privacy of Defendant by engaging in enhanced surveillance of Defendant's IP address without her knowledge or consent by employing private investigators unlicensed in the Commonwealth of Pennsylvania who concealed their identity and purpose.

53.     Defendant did not give Plaintiff permission to access her home computer.

54.     Defendant did not engage in or know of any peer-to-peer activities allegedly being conducted on her home computer.

55.     Plaintiff, under the guise of protecting allegedly copyrighted materials, attached to its Complaint an Exhibit listing the personal and private files which Plaintiff claims were located on Defendant's computer. As a result, Defendant was presented in a false light as being a dishonest person or criminal.

56.     Plaintiff filed these listings as a public court document as an Exhibit to the Complaint.

57.     Based upon the publicly disclosed listings, Defendant is presented in a false light as being a copyright thief or pirate who downloads and views digital movie files which may be considered highly offensive, vulgar, and obscene, such as 1) Pink Orgasm 2) Young and Hot 3) Warm Inside 4) Black Lingerie Bliss 5) YoungLegalPorn 6) WowGirls Cock Addicts Angelica, Zoe; among many more.

58.     Plaintiff filed pages listing these files in an attempt to place Defendant in an unattractive light due to the nature of the allegations and the files alleged to have been on Defendant's computer.

59.     By attaching the list of files to the Complaint as an Exhibit, Plaintiff seeks to shame Defendant into submitting to its unreasonable demands regarding its copyright law claims.

60.     Such actions by Plaintiff are a blatant misuse of their right to investigate potential copyright infringement.

61.     As a result of Plaintiff's actions, Defendant has suffered emotional distress and monetary damages associated with having this information exposed to the public.

62.     As a result of such actions, Defendant has suffered loss to her reputation, emotional distress and/or monetary damages associated with her reputation being impugned as a thief, a criminal, a pirate, and as being associated with the aforementioned digital movie files.

WHEREFORE, Defendant is entitled to recover damages from Plaintiff, along with injunctive relief for such loss that cannot be remedied by an action at law, and to prevent further unauthorized access.

Respectfully submitted,

Dated: *10 - 22 - 13*

PENGLASE & BENSON, INC.

JOHN S. BENSON, ESQUIRE
Attorney for Defendant

# EXHIBIT A

# Select A Case

**MALIBU MEDIA, LLC is a party in 128 cases.**

| | | | |
|---|---|---|---|
| [2:12-cv-00664-CMR](#) | MALIBU MEDIA, LLC v. JOHN DOES 1-15 | filed 02/08/12 | closed 06/27/12 |
| [2:12-cv-00665-CDJ](#) | MALIBU MEDIA, LLC v. JOHN DOES 1-17 | filed 02/08/12 | closed 05/02/12 |
| [2:12-cv-00666-TJS](#) | MALIBU MEDIA, LLC v. JOHN DOES 1-10 | filed 02/08/12 | closed 07/19/12 |
| [2:12-cv-00667-MAM](#) | MALIBU MEDIA, LLC v. JOHN DOES 1-11 | filed 02/08/12 | closed 04/12/13 |
| [2:12-cv-00668-JCJ](#) | MALIBU MEDIA, LLC v. JOHN DOES 1-22 | filed 02/08/12 | closed 08/03/12 |
| [2:12-cv-02077-RK](#) | MALIBU MEDIA, LLC v. JOHN DOES 1-15 | filed 04/19/12 | closed 02/06/13 |
| [2:12-cv-02078-MMB](#) | MALIBU MEDIA, LLC v. JOHN DOES 1,6,13,14 AND 16 | filed 04/19/12 | closed 06/18/13 |
| [2:12-cv-02083-CDJ](#) | MALIBU MEDIA, LLC v. JOHN DOES 1-22 | filed 04/19/12 | closed 08/15/13 |
| [2:12-cv-02084-MMB](#) | MALIBU MEDIA, LLC v. JOHN DOES 1-14 | filed 04/19/12 | closed 02/07/13 |
| [2:12-cv-02090-BMS](#) | MALIBU MEDIA, LLC v. JOHN DOES 1-15 | filed 04/19/12 | closed 02/22/13 |
| [2:12-cv-02092-JCJ](#) | MALIBU MEDIA, LLC v. JOHN DOES 1-16 | filed 04/19/12 | closed 07/12/12 |

| | | | |
|---|---|---|---|
| 2:12-cv-02093-EL | MALIBU MEDIA, LLC v. JOHN DOE 1-7 | filed 04/19/12 | closed 08/17/12 |
| 2:12-cv-02094-ER | MALIBU MEDIA, LLC v. JOHN DOES 1-25 | filed 04/19/12 | closed 11/01/12 |
| 2:12-cv-02095-LDD | MALIBU MEDIA, LLC v. HONGKYE PARK | filed 04/19/12 | closed 11/27/12 |
| 2:12-cv-02096-BMS | MALIBU MEDIA, LLC v. JOHN DOES 1-18 | filed 04/19/12 | closed 07/09/13 |
| 2:12-cv-03141-RBS | MALIBU MEDIA, LLC v. JOHN DOES 1-11 | filed 06/04/12 | closed 10/02/12 |
| 2:12-cv-03142-AB | MALIBU MEDIA, LLC v. JOHN DOES 1-6 | filed 06/04/12 | closed 11/16/12 |
| 2:12-cv-03143-AB | MALIBU MEDIA, LLC v. JOHN DOES 1-17 | filed 06/04/12 | closed 12/14/12 |
| 2:12-cv-03144-RB | MALIBU MEDIA, LLC v. JOHN DOE #5 ET. AL. | filed 06/04/12 | closed 08/28/13 |
| 2:12-cv-03145-SD | MALIBU MEDIA, LLC v. JOHN DOES 1-38 | filed 06/04/12 | closed 10/08/13 |
| 2:12-cv-03147-AB | MALIBU MEDIA, LLC v. JOHN DOES 1-12 | filed 06/04/12 | closed 01/29/13 |
| 2:12-cv-03149-TJS | MALIBU MEDIA, LLC v. JOHN DOES 1-12 | filed 06/04/12 | closed 12/17/12 |
| 2:12-cv-03151-PBT | MALIBU MEDIA, LLC v. JOHN DOES 1-41 | filed 06/04/12 | closed 03/22/13 |
| 2:12-cv-03953-RB | MALIBU MEDIA, LLC v. JOHN DOES 1-30 | filed 07/12/12 | closed 08/15/13 |

| | | | |
|---|---|---|---|
| 2:12-cv-03958-RBS | MALIBU MEDIA, LLC v. JOHN DOES 1-26 | filed 07/12/12 | closed 11/09/12 |
| 2:12-cv-04200-JHS | MALIBU MEDIA, LLC v. JOHNSTON | filed 07/24/12 | closed 10/24/12 |
| 2:12-cv-04253-ER | MALIBU MEDIA, LLC v. DETWEILER | filed 07/26/12 | closed 05/21/13 |
| 2:12-cv-04321-JCJ | MALIBU MEDIA, LLC v. JOHN DOES 1-13 | filed 07/31/12 | closed 08/24/12 |
| 2:12-cv-04322-AB | MALIBU MEDIA, LLC v. JOHN DOES 1-13 | filed 07/31/12 | closed 11/28/12 |
| 2:12-cv-04352-JS | MALIBU MEDIA, LLC v. JOHN DOES 1-18 | filed 08/01/12 | closed 11/29/12 |
| 2:12-cv-04443-AB | MALIBU MEDIA, LLC v. JOHN DOES 1-13 | filed 08/06/12 | closed 11/29/12 |
| 2:12-cv-04444-SD | MALIBU MEDIA, LLC v. JOHN DOES 1-13 | filed 08/06/12 | closed 12/03/12 |
| 2:12-cv-04821-NS | MALIBU MEDIA, LLC v. JOHN DOES 1-23 | filed 08/22/12 | closed 12/21/12 |
| 2:12-cv-05384-LDD | MALIBU MEDIA, LLC v. JOHN DOES 1-39 | filed 09/20/12 | closed 04/03/13 |
| 2:12-cv-06826-SD | MALIBU MEDIA, LLC v. JOHN DOES 1-14 | filed 12/06/12 | closed 04/05/13 |
| 2:12-cv-06828-MMB | MALIBU MEDIA, LLC v. JOHN DOES 1-16 | filed 12/06/12 | closed 04/11/13 |
| 2:12-cv-06831-PD | MALIBU MEDIA, LLC v. JOHN DOES 1-15 | filed 12/06/12 | closed 04/05/13 |

| 2:12-cv-06832-PD | MALIBU MEDIA, LLC v. JOHN DOES 1-21 | filed 12/06/12 | closed 04/05/13 |
|---|---|---|---|
| 2:13-cv-01761-JCJ | MALIBU MEDIA, LLC v. JOHN DOE | filed 04/04/13 | |
| 2:13-cv-01762-PBT | MALIBU MEDIA, LLC v. JOHN DOE | filed 04/04/13 | closed 09/18/13 |
| 2:13-cv-01763-MAM | MALIBU MEDIA, LLC v. JOHN DOE | filed 04/04/13 | closed 07/25/13 |
| 2:13-cv-01764-JD | MALIBU MEDIA, LLC v. JOHN DOE | filed 04/04/13 | |
| 2:13-cv-02765-NIQA | MALIBU MEDIA, LLC v. JOHN DOE | filed 05/20/13 | closed 08/28/13 |
| 2:13-cv-02766-NIQA | MALIBU MEDIA, LLC v. DOE | filed 05/20/13 | |
| 2:13-cv-02767-WY | MALIBU MEDIA, LLC v. JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 108.2.117.233 | filed 05/20/13 | closed 08/14/13 |
| 2:13-cv-02768-PD | MALIBU MEDIA, LLC v. JOHN DOE | filed 05/20/13 | |
| 2:13-cv-02769-RB | MALIBU MEDIA, LLC v. DOE | filed 05/20/13 | closed 09/10/13 |
| 2:13-cv-02770-CMR | MALIBU MEDIA, LLC v. DOE | filed 05/20/13 | closed 09/27/13 |
| 2:13-cv-02854-JP | MALIBU MEDIA, LLC v. JOHN DOE | filed 05/23/13 | closed 10/16/13 |
| 2:13-cv-02855-MMB | MALIBU MEDIA, LLC v. DOE | filed 05/23/13 | |

| 2:13-cv-02856-JD | MALIBU MEDIA, LLC v. DOE | filed 05/23/13 |
| 2:13-cv-02857-SD | MALIBU MEDIA, LLC v. JOHN DOE | filed 05/23/13   closed 09/27/13 |
| 2:13-cv-02858-JS | MALIBU MEDIA, LLC v. JOHN DOE | filed 05/23/13 |
| 2:13-cv-02859-JHS | MALIBU MEDIA, LLC v. DOE | filed 05/23/13 |
| 2:13-cv-02863-PD | MALIBU MEDIA, LLC v. JOHN DOE | filed 05/23/13   closed 10/09/13 |
| 2:13-cv-02864-HB | MALIBU MEDIA, LLC v. JOHN DOE | filed 05/23/13   closed 07/08/13 |
| 2:13-cv-02867-TJS | MALIBU MEDIA, LLC v. JOHN DOE | filed 05/23/13   closed 07/25/13 |
| 2:13-cv-02868-JHS | MALIBU MEDIA, LLC v. JOHN DOE | filed 05/23/13 |
| 2:13-cv-03511-PD | MALIBU MEDIA, LLC v. JOHN DOE | filed 06/20/13   closed 08/28/13 |
| 2:13-cv-04557-JS | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 71.230.209.237 | filed 08/07/13   closed 10/16/13 |
| 2:13-cv-04558-SD | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 108.36.198.239 | filed 08/07/13 |
| 2:13-cv-04560-JD | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 69.249.28.20 | filed 08/07/13 |

| | | | |
|---|---|---|---|
| [2:13-cv-04561-TJS](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 69.136.84.93 | filed 08/07/13 | closed 10/03/13 |
| [2:13-cv-04562-WY](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 08/07/13 | |
| [2:13-cv-04563-MSG](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 71.224.195.142 | filed 08/07/13 | |
| [2:13-cv-04564-LFR](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.114.223.78 | filed 08/07/13 | |
| [2:13-cv-04565-NIQA](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 08/07/13 | |
| [2:13-cv-04566-ER](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 08/07/13 | closed 10/09/13 |
| [2:13-cv-04568-BMS](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.114.207.2 | filed 08/07/13 | closed 10/09/13 |
| [2:13-cv-04569-RK](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 71.224.193.3 | filed 08/07/13 | |
| [2:13-cv-04570-LFR](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 08/07/13 | |
| [2:13-cv-04571-GP](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 68.80.117.158 | filed 08/07/13 | |
| [2:13-cv-04572-JHS](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 72.94.155.163 | filed 08/07/13 | |

Case 2:13-cv-02768-RD  Document 17  Filed 10/22/13  Page 23 of 27

| | | |
|---|---|---|
| [2:13-cv-04573-RBS](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 69.242.23.124 | filed 08/07/13 |
| [2:13-cv-04574-MMB](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 69.249.65.116 | filed 08/07/13 |
| [2:13-cv-04575-HB](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 08/07/13 |
| [2:13-cv-04576-GP](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 08/07/13   closed 10/16/13 |
| [2:13-cv-04577-MSG](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 68.80.117.67 | filed 08/07/13 |
| [2:13-cv-04578-AB](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 96.245.87.18 | filed 08/07/13 |
| [2:13-cv-04579-LDD](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 108.36.121.153 | filed 08/07/13 |
| [2:13-cv-04580-NS](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 08/07/13 |
| [2:13-cv-04581-WY](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 96.245.204.26 | filed 08/07/13 |
| [2:13-cv-04582-JP](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 08/07/13   closed 10/09/13 |
| [2:13-cv-04583-JCJ](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.114.41.208 | filed 08/07/13 |

| [2:13-cv-05471-JP](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 09/19/13 |
|---|---|---|
| [2:13-cv-05472-JHS](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 09/19/13 |
| [2:13-cv-05473-JP](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 68.84.47.116 | filed 09/19/13 |
| [2:13-cv-05474-JD](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 173.49.16.65 | filed 09/19/13 |
| [2:13-cv-05475-CDJ](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 09/19/13 |
| [2:13-cv-05476-TON](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 09/19/13 |
| [2:13-cv-05477-BMS](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 09/19/13 |
| [2:13-cv-05479-GP](#) | MALIBU MEDIA, LLC v. DOE | filed 09/19/13 |
| [2:13-cv-05480-JHS](#) | MALIBU MEDIA, LLC v. DOE | filed 09/19/13 |
| [2:13-cv-05481-MMB](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 09/19/13 |
| [2:13-cv-05482-MSG](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 09/19/13 |
| [2:13-cv-05483-HB](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 108.52.121.141 | filed 09/19/13 |

Case 2:13-cv-02768-PD Document 17 Filed 10/22/13 Page 25 of 27

| | | | |
|---|---|---|---|
| [2:13-cv-05484-PD](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 69.136.82.147 | filed 09/19/13 | closed 10/09/13 |
| [2:13-cv-05485-PD](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 09/19/13 | closed 10/09/13 |
| [2:13-cv-05486-LFR](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 09/19/13 | |
| [2:13-cv-05487-MSG](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 09/19/13 | |
| [2:13-cv-05488-TON](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 09/19/13 | |
| [2:13-cv-05489-NS](#) | MALIBU MEDIA, LLC v. DOE | filed 09/19/13 | |
| [2:13-cv-05490-JHS](#) | MALIBU MEDIA, LLC v. DOE | filed 09/19/13 | |
| [2:13-cv-05491-ER](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 09/19/13 | |
| [2:13-cv-05889-RB](#) | MALIBU MEDIA, LLC v. DOE | filed 10/07/13 | |
| [2:13-cv-05890-JCJ](#) | MALIBU MEDIA, LLC v. DOE | filed 10/07/13 | |
| [2:13-cv-05891-JD](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 10/07/13 | |
| [2:13-cv-05892-AB](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 10/07/13 | |
| [2:13-cv-05893-ER](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 71.224.206.208 | filed 10/07/13 | |

Case 2:13-cv-02768-PD Document 17 Filed 10/23/13 Page 26 of 27

| [2:13-cv-05894-JS](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 68.57.21.236 | filed 10/07/13 | |
| [2:13-cv-05895-JHS](#) | MALIBU MEDIA, LLC v. DOE | filed 10/07/13 | |
| [2:13-cv-05896-TON](#) | MALIBU MEDIA, LLC v. DOE | filed 10/07/13 | |
| [2:13-cv-05897-GP](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 71.230.114.29 | filed 10/07/13 | |
| [2:13-cv-05913-SD](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 10/08/13 | |
| [2:13-cv-05914-PD](#) | MALIBU MEDIA, LLC v. JOHN DOE | filed 10/08/13 | closed 10/10/13 |
| [2:13-cv-05915-LDD](#) | MALIBU MEDIA, LLC v. DOE | filed 10/08/13 | |
| [2:13-cv-05917-MSG](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.225.248.213 | filed 10/08/13 | |
| [2:13-cv-05918-LS](#) | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 74.109.52.229 | filed 10/08/13 | |
| [5:12-cv-02088-MMB](#) | MALIBU MEDIA, LLC v. JOHN DOES 1-22 | filed 04/19/12 | closed 06/18/13 |
| [5:12-cv-02091-SD](#) | MALIBU MEDIA, LLC v. JOHN DOES 1-16 | filed 04/19/12 | closed 07/24/12 |
| [5:12-cv-03139-TJS](#) | MALIBU MEDIA, LLC v. BERGMAN | filed 06/04/12 | closed 10/30/12 |

| 5:12-cv-03959-JS | MALIBU MEDIA, LLC v. JOHN DOES 1-35 | filed 07/12/12 | closed 05/21/13 |
| --- | --- | --- | --- |
| 5:12-cv-04442-JKG | MALIBU MEDIA, LLC v. JOHN DOES 1-23 | filed 08/06/12 | closed 04/12/13 |
| 5:12-cv-04818-GP | MALIBU MEDIA, LLC v. JOHN DOES 1-9 | filed 08/22/12 | closed 03/08/13 |
| 5:12-cv-04820-CMR | MALIBU MEDIA, LLC v. JOHN DOES 1-6 | filed 08/22/12 | closed 04/11/13 |
| 5:12-cv-04822-LS | MALIBU MEDIA, LLC v. JOHN DOES 1-18 | filed 08/22/12 | closed 12/21/12 |
| 5:12-cv-04933-JKG | MALIBU MEDIA, LLC v. JOHN DOES 1-25 | filed 08/28/12 | closed 01/02/13 |
| 5:13-cv-04567-LS | MALIBU MEDIA, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 174.49.149.218 | filed 08/07/13 | |