IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC,           : | |
|            Plaintiff,     : | |
| v.                               : | Civ. No. 13-2768 |
|                   : | |
| KAREN BECK                       : | |
|            Defendant.    : | |

**O R D E R**

Plaintiff Malibu Media brings Motions to Dismiss Defendant Karen Beck's Counterclaims and to Strike Defendant's Affirmative Defenses. (Doc. Nos. 20, 21.) I will grant Plaintiff's request in small part.

*Motion to Strike*

Plaintiff asks me to strike eight of Defendant's affirmative defenses: for noncompliance with statutory provisions, misleading designation in copyright notice, lack of deposit after publication, abandonment of copyright, unclean hands, statute of limitations, independent creation, and failure to join an indispensable party. Motions to strike are generally disfavored. Cipollone v. Liggett Grp., 789 F.2d 181, 188 (3d Cir. 1986). Because I do not find that any of Defendant's affirmative defenses is "insufficient, redundant, immaterial, impertinent or scandalous" at this stage, I will deny Plaintiff's Motion to Strike. See Fed. R. Civ. P. 12(f); Malibu Media v. Does, No. 12-2078, 2013 WL 1702549, at *4-8 (denying motion to strike abandonment, unclean hands, and invalid copyright affirmative defenses); Malibu Media, LLC v. Lee, No. 12-3900, 2013 WL 2252650, at *8 (D.N.J. May 22, 2013) (refusing to strike indispensable party defense). I will not strike Defendant's independent creation defense, despite Plaintiff's argument that independent creation is not an affirmative defense. See 3 W. Patry, Copyright § 9:36 ("[R]egardless of how independent creation is pled . . . [it] . . . comes into play

as an attack on the plaintiff's prima facie case."). Plaintiff is free to raise again its arguments at a later stage.

*Motion to Dismiss*

Plaintiff's Motion is denied with respect to Defendant's non-infringement, computer fraud, and civil conspiracy counterclaims.

Defendant's counterclaim seeking a declaratory judgment of non-infringement is not duplicative at this stage in the litigation. Malibu Media, LLC v. Lee, 2013 WL 2252650, at *4 (declaratory judgment for non-infringement could protect against future litigation by the plaintiff, and the defendant's infringement denial along with IP addresses' unreliability raised the possibility that discovery could undermine the plaintiff's claims).

I will not dismiss Defendant's counterclaim for computer fraud. 18 U.S.C. § 1030. Contrary to Plaintiff's assertions, Defendant's allegation that Plaintiff's actions "impaired the availability" of her computer, causing damage exceeding $5,000, is sufficient at this stage. (Answer ¶ 37); Synthes, Inc. v. Emerge Med., Inc., No. 11-1566, 2012 WL 4205476, at *19 (E.D. Pa. Sept. 19, 2012) (interruption of service damages may support a claim for computer fraud). Similarly, because she has alleged that Plaintiff and its investigator agreed to commit computer fraud with the intent to injure Defendant, Defendant has sufficiently pled a counterclaim for civil conspiracy. See, e.g., Flamm v. Sarner & Assocs., P.C., No. 02-4302, 2002 WL 31618443, at *8 (E.D. Pa. Nov. 6, 2002).

I will dismiss Defendant's invasion of privacy counterclaim in part. Defendant may not rely on an attachment to the Complaint as the basis for her invasion of privacy counterclaim. Schatzberg v. State Farm Mut. Auto. Ins. Co., 877 F. Supp. 2d 232 (E.D. Pa. 2012) ("All communications pertinent to any stage of a judicial proceeding are accorded an absolute

privilege which cannot be destroyed by abuse.") (internal citation omitted); Buschel v. MetroCorp., 957 F. Supp. 595, 599 (E.D. Pa. 1996) ("Pennsylvania has extended the absolute privilege to invasion of privacy actions."). Because the Complaint was filed during the regular course of the litigation, and was pertinent to the proceedings—which Defendant does not dispute—Defendant's invasion of privacy counterclaim based on false light is dismissed. Schatzberg, 877 F. Supp. 2d at 247.

Insofar as Defendant's invasion of privacy counterclaim is based on Plaintiff and its investigator's accessing her computer and private files, however, Defendant has adequately pled invasion of privacy for unreasonable intrusion upon the seclusion of another. See Reichert v. Elizabethtown College, No. 10-2248, 2011 WL 3438314, at *5 (E.D. Pa. Aug. 5, 2011) (plaintiff must allege highly offensive and intentional intrusion that causes mental suffering, shame, or humiliation).

*Protective Order*

Finally, in her Answer, Defendant appears to request a protective order staying discovery pending a ruling as to the legality of Plaintiff's method of obtaining IP addresses of alleged infringers. As discovery has already begun, and Defendant has not raised any objections, this request is **DENIED as moot**. (See Doc. No. 42 (Defendant's Answers to First Set of Interrogatories and Request for Production).)

**AND NOW**, this 27th day of January, 2014, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. No. 21) is **DENIED;**

2. Plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. No. 20) is **DENIED in part** as to Defendant's non-infringement, computer fraud, civil conspiracy and invasion

of privacy based on Plaintiff's accessing of her computer counterclaims. Plaintiff's Motion is **GRANTED in part** as to Defendant's invasion of privacy counterclaim based on information appended to the Complaint; and,

3. Insofar as Defendant requested a protective order staying discovery in her Answer, this request is **DENIED as moot**.

**AND IT IS SO ORDERED.**

*Paul S. Diamond*

_____

Paul S. Diamond, J.